*Duncan* for Hewitt, &c.: *Guthrie* for Wilson, &c.

---

# Fox *vs* Miller,

### Error to the Madison County Court.

### *Motions. Paymaster.*

Judge Marshall delivered the opinion of the Court—Judge Breck did not sit in this case.

Miller, as Colonel of the 7th regiment of the Kentucky militia, made a motion against Fox, the former Paymaster, for a judgment in the county court of Madison, for the amount of moneys in his hands, found due upon his previous settlement with the field officers. Judgment was recovered for $102 41 cents, and Fox has appealed to this Court. The duties of the Paymaster and

*and he is not in default nor does any motion lie against him until he fails to pay to the order of the commandant of the regiment.*

the mode of proceeding against him, are prescribed by the 31st, 32d, 33d, and 34th sections of the statute of 1837, (3 *Stat. Laws,* 432 and 4.) By these sections it will be perceived that he is required to give bond and security, conditioned "for the just fulfilment of all the duties enjoined on him by the act," and that the moneys in his hands are made subject alone to *orders drawn* on him *for regimental purposes,* and that upon his failure *to pay over* to the *orders of the commandant* of the regiment, the amount may be recovered by motion, by the *claimant* or *commandant,* in the county court. There is no evidence in this record, that any order had been drawn on the Paymaster, in favor of any claimant, or any other demand made of him, prior to the institution of the motion. He was not in default until such order was drawn. The commandant of the regiment was not entitled to the money except for the purposes and to be drawn in the mode prescribed by the act. He is not required to give bond and security for the safe keeping and disbursement of the fund, and the mere fact that he is commandant does not give him the right to the money, nor authorize the presumption that the fund would be safe in his hands. He may *order* the payment for regimental purposes, to those entitled, and when so ordered, the refusal or failure to pay, puts the Paymaster in default, and alone subjects him to the motion.

The judgment of the county court is reversed and cause remanded, that the motion may be dismissed with costs.

*Harlan & Craddock* for plaintiff: *Caperton* for defendant.

